**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL KOS, M.D., A PROFESSIONAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>AETNA HEALTH, INC.,<br><br>    Defendant. | 3:17-cv-00217-RCJ-VPC<br><br>**ORDER** |

This case involves the state-law claims of a healthcare provider against the administrator of an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). Now pending before the Court are a Motion to Dismiss, (ECF No. 5), and a Motion to Remand, (ECF No. 9).

**I.    FACTS AND PROCEDURAL BACKGROUND**

Dr. Michael Kos is a board-certified radiation oncologist, and Plaintiff Michael Kos, M.D., a Professional Corporation ("Plaintiff") is the corporate entity through which Dr. Kos practices medicine in Nevada. (Compl. ¶ 4, ECF No. 4-1.) On or around June 23, 2015, Dr. Kos met with a patient, Tessie Campbell, to discuss a course of treatment for breast cancer. (*Id.* at ¶ 5.) Dr. Kos determined that Ms. Campbell was a candidate for an advanced form of radiation therapy known as SAVI Breast Brachytherapy ("SAVI"), which would reduce the overall duration of her treatment from a period of several weeks to a mere five days. (*Id.*)

Ms. Campbell's health plan is an HMO benefits package plan for Volunteers of America of Northern California and Northern Nevada ("the Plan"), and is governed by ERISA. (Mot. Dismiss 2, ECF No. 5.) The Plan is administered by Defendant Aetna Health, Inc. ("Aetna"). (*Id.*) On or around June 26, 2015, Plaintiff's clinical coordinator called Aetna at the number indicated on Ms. Campbell's insurance card in order to obtain preauthorization for the SAVI treatment. (Compl. ¶ 7.) The clinical coordinator spoke to a provider services representative named Tisha, who requested Plaintiff's identification number and tax identification number "to determine whether there was coverage for Ms. Campbell to receive SAVI treatment . . . or whether a preauthorization was needed." (*Id.* at ¶¶ 7–8.) Plaintiff alleges that Aetna's representative stated that "no authorization or further information was needed" from Plaintiff, and that Plaintiff would be paid for Ms. Campbell's treatment, "because the Plaintiff was within network." (*Id.* at ¶ 8.) Based on this call with Aetna, Plaintiff went forward with Ms. Campbell's radiation therapy. (*Id.* at ¶ 10.)

After starting the treatment, Plaintiff submitted claims to Aetna, which Aetna denied. (*Id.* at ¶ 11.) On or around July 27, 2015, Plaintiff's billing department contacted Aetna to inquire about the rejected claims. (*Id.* at ¶ 12.) During this call, Aetna stated that Plaintiff was not a contracted provider under Ms. Campbell's plan. (*Id.*) Plaintiff has an ongoing contract with the Beech Street Network, and Ms. Campbell's insurance card indicated that her coverage was within the Beech Street Network. (*Id.* at ¶ 9.) However, Aetna told Plaintiff the claims had been rejected because "the Beech Street Network only applies to certain insurance plan groups, of which Ms. Campbell's coverage was not a part." (*Id.* at ¶ 12.)

Plaintiff then sent a letter to Aetna requesting a special authorization or exception based on the pre-treatment statements of its representative, who had indicated that Plaintiff's treatment of Ms. Campbell would be covered. (*Id.* at ¶ 13.) Aetna denied the request, and Plaintiff filed a

formal appeal. (*Id.* at ¶¶ 13–14.) In December 2015, after contacting Aetna and being told the rejected claims were being reprocessed, Plaintiff received a denial letter. (*Id.* at ¶ 16.) Then in February 2016, Plaintiff received a letter indicating Aetna would not change its prior decision to reject the claims for Ms. Campbell's treatment. (*Id.* at ¶ 17.) Plaintiff promptly filed a second-level appeal. (*Id.* at ¶ 18.)

In April 2016, Plaintiff contacted Aetna after receiving no response to its second-level appeal. (*Id.* at ¶ 19.) A representative from Plaintiff's billing department spoke to a Beech Street Network representative named Christopher. (*Id.*) Plaintiff alleges that Christopher stated that "he would ensure that the Plaintiff would get paid for Ms. Campbell's treatment, because it is improper to put the Beech Street Network on Ms. Campbell's insurance card and then not pay." (*Id.*) Nevertheless, Plaintiff soon received a letter from Aetna indicating the claims would never be paid. (*Id.* at ¶ 20.) Several weeks later, on or around June 1, 2016, Plaintiff received another letter clarifying that Aetna had denied the claims for Ms. Campbell's treatment "because the Plaintiff was not a contracted provider." (*Id.* at ¶ 21.)

On March 6, 2017, Plaintiff sued Aetna in the Second Judicial District Court of Nevada, Washoe County. Despite the Plan being governed by ERISA, Plaintiff asserted only state-law claims: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) intentional misrepresentation; (5) negligent misrepresentation; and (6) promissory estoppel/detrimental reliance. On April 7, 2017, Aetna removed the action to this Court, asserting federal question jurisdiction under ERISA. Plaintiff now moves to remand the case to state court, and Aetna moves to dismiss the Complaint on the basis of ERISA preemption. (Mot. Remand, ECF No. 9; Mot. Dismiss, ECF No. 5.)

/ / /

## II. LEGAL STANDARDS

"Generally speaking, a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (brackets and quotation marks omitted) (citing *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989)). Here, Plaintiff has asserted only state-law causes of action. However, "there is an exception to the well-pleaded complaint rule for state-law causes of action that are completely preempted by § 502(a)." *Id.*

ERISA § 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

"If state-law causes of action come within the scope of § 502(a)(1)(B), those causes of action are completely preempted, and the only possible cause of action is under § 502(a)(1)(B)." *Marin General*, 581 F.3d at 946. The Supreme Court has formulated a two-prong test for determining whether a state-law claim falls within the scope of § 502(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Under *Davila*, a state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.*

## III. ANALYSIS

At least some of Plaintiff's claims, as currently pled, are completely preempted by ERISA, and thus the Court has jurisdiction to decide them. *See Marin General*, 581 F.3d at 945 (complete preemption under § 502(a) provides a basis for federal question removal jurisdiction). In its motion to remand, Plaintiff argues that its claims "are not claims for benefits under an

ERISA benefit plan, because these claims arise out of the oral promises made by Aetna separate and apart from the provisions of any ERISA benefit plan." (Mot. Remand 7, ECF No. 9.) However, the Court finds that Plaintiff's claims are pled more broadly than it represents in its motion. For example, Plaintiff has pled that "Ms. Campbell has assigned to the Plaintiff all her right, title, and interest in any and all causes of action that she has against Aetna related to her treatment provided by Dr. Kos." (Compl. ¶ 21, ECF No. 4-1.) This allegation would only be relevant if Plaintiff were asserting or planning to assert an entitlement to Plan benefits under the terms of the Plan. Furthermore, Plaintiff's contract claims are not pled as arising exclusively from oral promises, but are pled broadly so as to encompass written and oral contracts, including the Plan itself. Notably, each contract claim includes the allegations that Ms. Campbell and Aetna entered into contracts for medical insurance coverage, and that Ms. Campbell paid all her required premiums to Aetna. (*Id.* at ¶¶ 25–26, 35–36, 44–45.) Plaintiff also alleges that Aetna breached its contract with Ms. Campbell, which contract could only be the Plan itself. (*Id.* at ¶¶ 30, 38–39, 47–49.) Again, these allegations are only relevant if Plaintiff is asserting rights under the terms of the Plan.

Therefore, to the extent Plaintiff's first through third causes of action assert that Plaintiff, as Ms. Campbell's assignee, is entitled to receive payments of Plan benefits under the terms of the Plan, those causes of action are completely preempted, and are dismissed.

However, not all of Plaintiff's claims are preempted. Plaintiff has alleged intentional and negligent misrepresentation, as well as promissory estoppel. These claims are not based on the Plan at all, but rather on statements made by Aetna representatives prior to Ms. Campbell's treatment and during the claims appeal process. These claims are brought "not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 978 (9th Cir. 2007) (reversing

district court ruling that claims of breach of contract and negligent misrepresentation were preempted by ERISA); *see also The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1010 (9th Cir. 1995) (finding claims of misrepresentation and estoppel not preempted by ERISA because they "make no reference to and function irrespective of the existence of an ERISA plan"); *Marin General*, 581 F.3d at 951 (finding claims of breach of oral contract and negligent misrepresentation not preempted by ERISA). Therefore, Plaintiff could not have brought these claims under ERISA because they do not arise under the Plan. *See Davila*, 542 U.S. at 210.

In addition, Plaintiff's contract claims are not preempted in their entirety, but only to the extent they are based on an alleged breach of a written contract, i.e., the Plan. In *Marin General*, the Ninth Circuit addressed an analogous situation, where a healthcare provider telephoned an ERISA plan administrator in order to confirm coverage and obtain a preauthorization of treatment for a patient. 581 F.3d at 943. In the ensuing lawsuit, the healthcare provider alleged that the phone call gave rise to an oral contract, which the plan administrator breached when it denied the provider's insurance claims. The Ninth Circuit held that, under *Davila*, the cause of action for breach of oral contract was not preempted by ERISA. The Court reaches the same result here. First, the claims are based on an alleged oral contract between Plaintiff and Aetna only. Thus, because Ms. Campbell, as the Plan beneficiary, had no involvement in the phone calls that may have given rise to the oral contract, the claims based on an oral contract could not have been brought by Plaintiff as Ms. Campbell's assignee under § 502(a)(1)(B). Second, because the oral contract causes of action are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on other independent legal duties within the meaning of *Davila*. *See id.* at 950.

Therefore, Plaintiff's first through third causes of action are completely preempted by ERISA to the extent they assert an entitlement to benefits under the Plan. However, they are not

preempted to the extent they assert the existence of an oral contract arising solely between Plaintiff and Aetna. Also, Plaintiff's claims of intentional misrepresentation, negligent misrepresentation, and promissory estoppel are not preempted.

In its motion briefs, Plaintiff evinces an intent to forego all potential ERISA claims in order to litigate its case in state court. Accordingly, the Court will dismiss the preempted claims with leave to amend. If Plaintiff wishes to pursue the theory that it is entitled to benefits under the Plan, it may amend its Complaint to assert one or more causes of action under ERISA. Alternatively, Plaintiff may opt not to amend the Complaint, in which case the Court will dismiss the preempted claims with prejudice and remand the case. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) ("The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED IN PART AND DENIED IN PART. Consistent with all the foregoing, Plaintiff shall have thirty days from the entry of this order to file an amended complaint or a notice of intent not to amend. If Plaintiff opts to assert any claim expressly arising under ERISA, the Court will deny the Motion to Remand (ECF No. 9). If Plaintiff opts not to amend, the Court will dismiss the preempted claims with prejudice and remand the remaining claims to the Second Judicial District Court of Nevada, Washoe County.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge